[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11106
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60165-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARRON ADAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2012)

Before DUBINA, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Arron Adams appeals his convictions and 180-month total

sentence for bank robbery, in violation of 18 U.S.C. § 2113(a), and conspiracy to

commit bank robbery, in violation of 18 U.S.C. § 371. Adams raises two arguments on appeal.

## I. Suppression Motion

Adams first argues that the district court erred in denying an evidentiary hearing on his second motion to suppress evidence because the motion raised a meritorious issue that required factual determinations, and the evidence was an essential part of the prosecution's case. Although he filed his second motion after the court's deadline, he contends that he established good cause to excuse the delay because his substitute counsel had only recently taken over his representation, and the attorney had tried to extend the court's motion deadline before filing an out-of-time motion. In the alternative, Adams asserts that the motion was not a new motion, but an addendum to his first timely motion, and both motions sought the same relief—exclusion of evidence pursuant to Federal Rule of Evidence 404(b).

We review the district court's failure to grant an evidentiary hearing on a motion to suppress for an abuse of discretion. *United States v. Cooper*, 203 F.3d 1279, 1285 (11th Cir. 2000). Pursuant to the Federal Rules of Criminal Procedure, a motion to suppress must be brought prior to trial. Fed.R.Crim.P. 12(b)(3)(C). The court may set a deadline for the parties to make pretrial motions, and failure to

2

bring a motion to suppress prior to the court's deadline, absent good cause shown, constitutes waiver. Fed.R.Crim.P. 12(c), (e).

We conclude from the record here that the district court did not abuse its discretion by denying Adams's second motion to suppress without holding an evidentiary hearing because the motion was untimely. The court's deadline to file the motion was November 1, 2009, and Adams did not file his second motion to suppress, which raised a Fourth Amendment challenge, until November 12, 2009, 11 days after the court's deadline expired. Although the second motion to suppress was labeled as an addendum to the first, timely filed motion, the motion was a separate motion that raised new legal issues.

Moreover, Adams failed to establish good cause for filing the second motion to suppress after the court's deadline. Although Adams had recently acquired new counsel, counsel was present at a September 22, 2009, hearing, during which the parties discussed the proposed Rule 404(b) evidence, and counsel filed Adams's first motion to suppress that evidence on November 1, 2009, within the deadline. *See United States v. Taylor*, 792 F.2d 1019, 1025 (11th Cir. 1986) (holding that defense counsel's appearance three weeks before trial did not explain failure to timely raise a motion to suppress because three weeks was sufficient to examine the documents, it was unlikely that counsel had "stepped in

3

without learning anything about the case from [the defendant's] first attorney," and counsel announced he was ready for trial). From the time that Adams's new counsel became involved in the case, he had more than four weeks to file a motion to suppress based on the Fourth Amendment and that is sufficient time for counsel to file such a motion.  Also, counsel provided no explanation for why he could not have raised the Fourth Amendment challenge in his first, timely filed motion.

## II. Substantive Reasonableness

Adams next argues that his 180-month sentence was substantively unreasonable, because the district court's justification in support of an upward variance was not sufficiently compelling. The court never explained how a sentence of 10 years failed to satisfy the 18 U.S.C. § 3553(a) factors, but a 15-year sentence did.

We review all sentences, whether inside or outside of the guideline range, for reasonableness under a deferential abuse-of-discretion standard. *United States v. Sanchez*, 586 F.3d 918, 935 (11th Cir. 2009). If the district court determines that a sentence outside of the guideline range is appropriate, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal quotation marks omitted). We will vacate such a

4

sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (internal quotation marks omitted).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* at § 3553(a)(1), (3)-(7).

We examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). "The party challenging the sentence bears the

burden to show it is unreasonable in light of the record and the § 3553(a) factors."
*United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct.
674 (2010). A sentence imposed well below the statutory maximum penalty is an
indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319,
1324 (11th Cir. 2008) (determining that a sentence well below the statutory
maximum was substantively reasonable).

We conclude that Adams's sentence is substantively reasonable in light of
the record and the § 3553(a) factors. His 180-month (15 year) total sentence was
well below the statutory maximum of 20 years for each count of bank robbery,
indicating that it was a reasonable sentence. *See Gonzalez*, 550 F.3d at 1324.
Moreover, the sentence met the goals encompassed within § 3553(a), and the
record supported the sentencing court's factual determinations in weighing those
factors. The court found that Adams was guilty and had lied on the stand, and this
finding was supported by the testimony of witnesses, who identified Adams as the
robber. It noted that Adams had robbed the same bank three times within a period
of months, which was traumatic for the bank employees and created a lingering
fear for them. It further stated that a sentence of 40 months per robbery was
insufficient to meet the § 3553(a) goals of reflecting the seriousness of the offense,
promoting respect for the law, and providing a just punishment. Because the

6

sentence reflects a proper balancing of the § 3553(a) factors, the court committed no clear error of judgment in weighing the factors. *Shaw*, 560 F.3d at 1238.  Thus, Adams has not met his burden to show that the sentencing court abused its discretion.

For the aforementioned reasons, we affirm Adams's convictions and sentence.

**AFFIRMED.**